**UNITED STATES of America,**
**Appellee,**

v.

**James L. FORD, Defendant–Appellant.**

No. 06–5567–cr.

United States Court of Appeals,
Second Circuit.

May 27, 2008.

Frederick Rench, Pelagalli, Weiner, Rench & Thompson, LLP, Clifton Park, NY, for Appellant.

Robert A. Sharpe, Brenda K. Sannes, Assistant United States Attorneys, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: RICHARD J. CARDAMONE, ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

James L. Ford ("appellant") appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), entered on December 4, 2006, convicting him, after a jury trial, of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and various other firearms offenses. He was sentenced principally to one hundred and fifteen months' imprisonment. He appeals only the conviction. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ The appellant first argues that a set of car keys purportedly belonging to the appellant should not have been admitted into evidence, because they were not properly authenticated. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). The requirement of authentication is not "a particularly high hurdle." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir.2001). "The requirement under Rule 901 is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identifica-

tion." *Id.* (internal quotation marks omitted). "If in the court's judgment it seems reasonably probable that the evidence is what it purports to be, the command of Rule 901(a) is satisfied, and the evidence's persuasive force is left to the jury." *Id.* (quoting *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir.1992)). Accordingly, "[t]he trial court has broad discretion in determining whether an item of evidence has been properly authenticated, and we review its ruling only for abuse of discretion." *Id.*

During a police chase, the appellant ran past Detective McGraw, who saw the appellant throw some items over a fence. Detective McGraw did not see what the appellant threw, but heard what sounded like metal striking the ground. When Detectives McGraw and Leonard went to investigate, they found a cell phone and keys. Both officers saw these items and pointed them out to each other. At trial, Detective McGraw testified that the keys shown to him during the trial were the same keys that he and Detective Leonard had found the night of the chase, because he recognized two distinctive emblems on the key chain. Officer Gallagher testified that Detective Leonard gave him the keys and the cell phone immediately after the arrest. The keys opened the door to a Jeep that was located where the chase began. The Jeep was registered to Ford's cousin and contained several documents belonging to Ford, including a court notice and a medical bill in Ford's name. Taken together, the district court was well within its discretion to conclude that it was reasonably probable that the keys were among the objects thrown by Ford as he scaled the fence. There is no support in the case law for Ford's contention that an item is *per se* inadmissible when there is no testimony from the officer who first takes physical possession of the item.

■ Ford next argues that statements admitted into evidence by Detective Leonard violated the Confrontation Clause. Detective Leonard did not testify at trial because, according to the government, he was on disability leave. The only oral statements by Detective Leonard that were admitted into evidence were elicited by *defense counsel,* during cross examination of Officers Gallagher and Greagan. In addition, Detective Leonard's police report was admitted into evidence, by joint *stipulation* of the parties. Now, after having elicited and stipulated to Detective Leonard's hearsay statements, defense counsel claims that the conviction should be reversed, because the admission of these statements violated the Confrontation Clause. To state this argument is to refute it. "As here the accused, by his voluntary act, placed in evidence the testimony disclosed by the record in question, and thereby sought to obtain an advantage from it, he waived his right of confrontation as to that testimony, and cannot now complain of its consideration." *Diaz v. United States,* 223 U.S. 442, 452–53, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

■ Finally, Ford maintains that the district court erred in denying his oral request for a missing witness charge based on the government's failure to call Detective Leonard as a prosecution witness. "A missing witness charge invites the jury to draw an adverse inference against a party that fails to call a witness whose production . . . is peculiarly within [its] power." *United States v. Gaskin,* 364 F.3d 438, 463 (2d Cir.2004) (internal quotation marks omitted) (alterations in original). "Because we recognize that an aura of gamesmanship frequently accompanies requests for missing witness charges, we afford district judges considerable discretion in deciding when they should and should not be given." *Id.* (internal quotation marks and citations omitted). "We will reverse only upon a showing of both abuse of discretion and actual prejudice." *Id.* (internal citations omitted). Ford can show neither.

Ford appears to concede that a missing witness instruction is improper when the missing witness is "unavailable" within the meaning of Federal Rule of Evidence 804(a), which provides, in relevant part, that " '[u]navailability as a witness' includes situations in which the [witness] . . . is unable to . . . testify because of . . . then existing physical . . . illness or infirmity." Fed.R.Evid. 804(a) & (a)(4); *see also United States v. Myerson,* 18 F.3d 153, 158 (2d Cir.1994) (noting that a missing witness instruction is proper only when the witness is available, but exclusively to one party). The government informed the court that Detective Leonard could not testify because he was on medical disability, due to a back ailment. On appeal, defense counsel states that the defense would have been satisfied had the government provided a "doctor's note" stating that he was ill. Because the defense did not contest that Detective Leonard was unable to testify, and did not request a doctor's note, we need not reach the issue of whether a doctor's note, when requested, must be provided. Further, Ford has not shown in any clear manner how Detective Leonard's testimony would have been favorable to the defense. Under these circumstances, the district court clearly did not abuse its discretion in denying the defendant's oral request for a missing witness charge.

For the foregoing reasons, we AFFIRM the decision of the district court.